## State Liquor Store Employes

ARNOLD, Deputy Attorney General, June 12, 1934.—You have submitted for our opinion a number of matters concerning employment, promotion, and compensation of employes of the Liquor Control Board. We can best consider them by summarizing them in a series of definite questions and answering them in order.

1. May the Liquor Control Board promote an employe from one position to another without requiring him to take a new competitive examination?

The Liquor Control Act of November 29, 1933, P. L. 15, sec. 302. expressly provides that all employes shall be appointed after competitive examinations, and the person receiving the highest grade must be appointed first, and so on.

We are informed that when the Department of Public Instruction held the examinations from which present eligibility lists resulted, different tests were given to applicants for various types of positions. Even where the same examination covered several positions, each applicant was bound to elect which one he would compete for, and he was not allowed to apply or compete for more than one position. As a result, separate eligibility lists were compiled for each classification of positions.

(a) *Where the Types of Employment are Fundamentally Different*

There would seem to be little difficulty in this problem where the question arises as to promotion between fundamentally different classes of employment, as, for example, truck drivers and store managers. Obviously one who has, by examination, qualified as a truck driver could not be regarded as having qualified also for a position of store manager, or vice versa. Therefore, we say without hesitation that you may not shift an employe from one class of employment to a totally and fundamentally different class without requiring him to qualify in competitive examinations for the second position.

(b) *Where the Types of Employment Are Not Fundamentally Different*

The answer is less obvious where the types of employment are not substantially different. We shall use as an example the positions of store manager and assistant manager. The same principles will apply to other employments which are closely allied in the nature of the duties required.

We understand that applicants for store managerships and applicants for assistant managerships took the same examination. However, in other cases separate examinations were given for more or less closely related positions. Where the same examination was given, it is obvious that, except for prerequisites as to prior experience, the applicant who passed the examination was in fact qualified for either position. Where different examinations were given for similar positions, the test for one might in fact have been an adequate test of the applicant's fitness for either job.

However, we are faced with the fact that you have two eligibility lists applicable to these positions, one consisting of persons who have qualified to be managers and the other of those who have qualified as assistants. The law requires you to fill vacancies from the top of the eligibility lists. If you should promote an assistant manager to a managership, you would be filling a vacancy without compliance with that requirement. A man who has qualified as manager, and who was bound to elect for which position he would try, would thus be prevented from obtaining a position; and instead, if any new appointment were made, the beneficiary would be the man at the head of the list of eligibles for assistant managerships. In our opinion, such a result would be both unfair and illegal.

Therefore, we advise you that you may not promote an assistant manager to a position as manager of a store, under the present classification of positions and eligibility lists. Or, to state the proposition in general terms, you may not promote an employe from one position to another position for which there is a separate classification and eligibility list, without requiring the employe to compete for the position in the regular way.

We suggest that from a legal standpoint the difficulty which this situation creates might be obviated by your board or the Department of Public Instruction when new examinations are given. There would seem to be no legal reason which would require separate examinations and separate eligibility lists for positions of different grades but involving similar duties. A single examina-

tion for managers and assistant managers, or perhaps for all store employes, could legally be given, and a single eligibility list compiled. Or you could include in the qualifications for managers a requirement of previous experience as assistant managers.

Thus all applicants for managerships and assistant managerships might be put in a single class, and there could be no legal objection to moving an employe up within the class and then filling his vacancy from the top of the eligibility list for the general class.

2. May the Liquor Control Board assign supervisory duties to employes without further examination?

You state that it has become necessary to have persons to supervise certain of the clerical and office activities of the board. No classification for such position was included in the December examinations.

We see no objection to your assigning to an office employe, for example, the duty of supervising others who are doing work of the same class, without creating a separate classification and holding special examinations for it. That would not be the creation of a distinct type of position. Of course, you should be careful in doing this, not to assign to such a supervisor the duties which would properly fall within the duties of another established classification of employment.

3. May the board place clerks in charge of stores?

What we have already said probably furnishes the answer to this question. In our opinion, since you have designated managers, assistant managers, and store clerks in different classes and have set up separate eligibility lists for them, you may not make clerks into assistant managers or managers. Section 303 of the Liquor Control Act expressly requires that each store be in charge of a manager. A clerk cannot fill that position; consequently, he may not be put in charge of a store. If, hereafter, you should group all store employes together for purposes of examination and eligibility lists, one who had qualified in the general class could act as clerk or be made a store manager.

4. May the board employ carpenters or other craftsmen without examination?

If your inquiry concerns regular employment of such persons, our answer must be "no". If you need such regular employes, competitive examinations must be held as in the case of all other employes. On the other hand, if your needs for such services are only occasional, we are satisfied that you may, without holding examinations, employ a carpenter or other craftsman to do a specific job. Such a one would not be a regular employe, but rather an independent contractor.

5. May persons who have qualified for a particular class of employment be employed to do work of a different type?

You tell us that there have been occasions when you had immediate need for employes to do work not definitely included in any classification for which examinations were given. Your inquiry is whether in such cases you may employ persons who had been examined for positions closely approximating the positions which you desire to fill. There can be no objection to this as long as there is some reasonable relation between the work for which the person was examined and that for which he is employed. However, if the new work is a distinct class of work you ought to call for examinations.

6. Are matters of compensation of employes subject to the regulations of the Executive Board?

Yes. Section 6 of the Act of November 29, 1933, P. L. 13, expressly provides

that the Liquor Control Board shall be subject to The Administrative Code of 1929 except where otherwise expressly provided by law. By section 709 of The Administrative Code, the Executive Board is given jurisdiction of all questions of compensation of employes of departments, boards, and commissions. No exception is made as to your board.

Therefore, all questions of classification of employes for salary purposes and all questions of change of salary must be governed by the regulations of the Executive Board. From C. P. Addams, Harrisburg, Pa.